[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner has brought this habeas corpus proceeding challenging the disciplinary proceeding that resulted in the petitioner being found guilty of a Security Risk Group Affiliation. The petitioner challenges his classification and the nature of the hearing procedures that resulted in his classification as a security risk group safety threat member. The petitioner also challenges and seeks restoration of statutory good time credits that were lost as a result of his classification as a security risk group safety threat member and statutory good time credits he did not earn while designated as a security risk group safety threat member.
It is well established that a petitioner cannot state, as a basis for habeas corpus relief, a cognizable claim relative to his safety threat classification. Abed v. Commissioner ofCorrection, 43 Conn. App. 176 (1996).
As regards the petitioner's due process claims with respect to the disciplinary hearing which resulted in his classification as a security risk group safety threat member, due process does not require that inmates be provided with attorneys or advocates for such disciplinary hearings nor is the standard of proof to be employed at such hearings the same that would apply in a criminal trial. The hearing in this matter met all due process requirements for such hearings. The petitioner was afforded an opportunity to testify and present witnesses and he elected not to do so.
This court is not required to set aside the decisions of prison administrators that have some basis in fact.Superintendent v. Hill, 472 U.S. 445, 456. The court concludes CT Page 5016 from the evidence presented that the decision of the hearing officer designating the petitioner as a security risk group member, based upon a letter written by the petitioner to a former inmate which letter makes reference to the need to "organize, organize, organize" and which letter further makes reference to a designated white supremacist motto, "HONOR, LOYALTY, STRENGTH", provides an adequate basis in fact under Superintendent v. Hill,
to substantiate the finding of the hearing officer. This Court will not set aside the finding of the hearing officer which resulted in the loss of 90 days of good time credit for the petitioner.
Moreover, the Court finds that the petitioner has already completed the Department of Correction "Close Custody Program" which permits an inmate the opportunity to renounce his security risk group affiliation. Because the petitioner is no longer designated as a security risk group safety threat member his petition for habeas relief based upon his designation as a security risk group safety threat member is moot.
As regards the petitioner's claim for the award of statutory good time that he would have received but for his designation as a security risk group safety threat member, it is well established that the petitioner has no liberty interest in the statutory good time which he did not earn while designated as a security risk group safety threat member. Abed v. Commissioner,43 Conn. App. 176 (1996).
The petitioner has failed to sustain his burden in this matter and the petition is accordingly dismissed.
BY THE COURT
CARROL, J.